**Samvel ALEKSANYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72647.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2007.

Filed Aug. 27, 2007.

Gittel Gordon, Esq., Law Office of Gittel Gordon, Del Mar, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and CLIFTON
(dissenting), Circuit Judges, and
MARTINEZ, District Judge.*

MEMORANDUM **

Samvel Aleksanyan petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

Because the IJ made no express adverse credibility determination, we accept Aleksanyan's testimony as true, *see Mamouzian v. Ashcroft*, 390 F.3d 1129, 1133 (9th Cir.2004), and hold that past persecution has been established. *See Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir.2000) (holding that where physical harm was combined with threats, the harm is severe enough to rise to the level of persecution). The circumstances surrounding the car accident that injured Aleksanyan and his wife, coupled with the threatening phone calls referencing the accident, compel the conclusion that the accident was a response to Aleksanyan's refusal to participate in the scam and his plan to testify regarding the scam. *See Chouchkov v. INS*, 220 F.3d 1077, 1081, 1083 (9th Cir.2000). Thus, the harm was at least in part on account of political opinion. *See Mamouzian*, 390 F.3d at 1134 (reaffirming that "retaliation against an individual who opposes government corruption can constitute persecution on account of a political opinion"); *Grava v. INS*, 205 F.3d 1177, 1180–81 (9th Cir. 2000) (holding with regard to a petitioner

who had testified against his corrupt supervisor, that "[w]hen the alleged corruption is inextricably intertwined with governmental operation," opposition to that corruption is "necessarily political"); *Chouchkov*, 220 F.3d at 1084. Aleksanyan has also shown the requisite government involvement because the principal agent of his persecution was the director of a state-owned diamond factory who has familial ties to the government and who is now an elected official. *See Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir.2005) ("[P]ersecutory acts by a single governmental or quasi-governmental official are sufficient to establish state action."); *Shoafera v. INS*, 228 F.3d 1070, 1072–73 & n. 1 (9th Cir.2000) (holding a petitioner was eligible for asylum where she was persecuted by a supervisor who was also a high-ranking member of an organization affiliated with the government). Aleksanyan also demonstrated that the police were either unable or unwilling to control his persecutors. *See Borja v. INS*, 175 F.3d 732, 736 n. 1 (9th Cir.1999) (*en banc*).

Once a petitioner demonstrates persecution, he or she is entitled to a presumption of a well-founded fear of future persecution. *Mamouzian*, 390 F.3d at 1135. Where, as here, the government did not present rebuttal arguments to the IJ concerning changed country conditions, we do not remand to resolve the question. *Id.*

Because Aleksanyan is statutorily eligible for asylum, the Attorney General must determine whether he is entitled to asylum as a matter of discretion. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). In addition, because the IJ's denial of Aleksanyan's applications for withholding of removal and relief under the Con-

---

* The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent.

vention Against Torture relies solely on his determination that Aleksanyan failed to meet statutory eligibility for asylum, those denials should be reconsidered.[1] *Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir. 2004) (*per curiam*) (explaining that if the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case).

Accordingly, we grant the petition for review, and remand to the BIA for an exercise of statutory discretion and reconsideration of Aleksanyan's applications for withholding of removal and relief under the Convention Against Torture.

**PETITION FOR REVIEW GRANTED and REMANDED.**

CLIFTON, Circuit Judge, dissenting:

I regret that I cannot agree that the evidence compels the conclusion that petitioner Samvel Aleksanyan was persecuted on the basis of political opinion, the enumerated ground he asserts in order to establish eligibility for asylum. Aleksanyan was a victim of crime, not the government.

That the location of the crime was a state-owned factory and that the primary villain, the factory director, had relatives in the government (and later became an elected official himself) did not necessarily turn the criminal activity into something governmental. The criminals presumably intended to enrich themselves; there is nothing to indicate that the government was behind the scam. Aleksanyan may have been beaten up after refusing to participate in the crime, but he says he was beaten up by unknown thugs, not by the police or other government officers. Indeed, Aleksanyan's later troubles began again only after the prosecutor—an officer of the government—pressed him to testify. According to his own narrative, Aleksanyan was not a crusader against government corruption, but was only a reluctant participant in the effort of the government prosecutor to catch the criminals responsible for the diamond scam. Based on this record, it is surely possible to conclude that these later threats were the acts of criminals motivated by a desire to protect themselves from prosecution. *See Kozulin v. INS,* 218 F.3d 1112, 1114, 1117 (9th Cir.2000) (nexus requirement not met where "the evidence taken as a whole ... suggests that the attack was motivated by apolitical revenge for the apolitical accusation [of theft made] against the captain"). Because Aleksanyan was content to look the other way and it was only governmental prodding that got him to take a stand against the thieves, it seems to me not only possible but probable that the acts directed at Aleksanyan allegedly constituting political persecution were not politically motivated at all, but rather represented ordinary criminal activity motivated solely by the criminals' desire to avoid punishment. I do not believe that the political motive here is so clearly established by the record such that "any reasonable finder of fact would have to conclude," *Chouchkov v. INS,* 220 F.3d 1077, 1084 (9th Cir.2000),

---

1. In his brief to the BIA, Aleksanyan stated that "the Immigration Judge denied asylum as well as Withholding of Deportation and Convention Against Torture relief. The Respondent appealed and has filed this appellant brief for your review and requests affirmative relief by having this case remanded to the IJ with instructions to reevaluate the findings of fact relating to nexus and plausibility."

Because the IJ had denied CAT relief based upon the same "nexus and plausibility" findings that supported his denial of Aleksanyan's asylum claim, we find that Aleksanyan "sufficiently raised the [CAT] issue before the BIA to permit us to review the issue on appeal." *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183–84 (9th Cir.2001) (en banc).

that Aleksanyan was persecuted on the basis of political opinion.

While my disagreement on the nexus question leads me to dissent from the majority's conclusions as to Aleksanyan's claims for asylum and withholding of removal, I dissent from its holding on his Convention Against Torture (CAT) claim for a different reason. In his appeal to the Board of Immigration Appeals (BIA), Aleksanyan did not raise the IJ's denial of his CAT claim. "We have held that '[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'" *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004) (alteration in original) (quoting *Vargas v. U.S. Dept. of Immigration & Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987)); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). No issues with the IJ's CAT determination were raised in his notice of appeal. His brief to the BIA mentioned his CAT claim only once, while relating his case's procedural history. The remainder of that brief attacked the IJ's nexus analysis and the IJ's assessment of the plausibility of Aleksanyan's narrative; his concluding prayer for relief referenced only his asylum claim and the nexus issue. "A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara,* 383 F.3d at 930. Nor did the BIA reach this aspect of the IJ's decision, sua sponte, when it affirmed the decision below through a streamlined review. *Cf. Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc) (holding that an issue was sufficiently exhausted even though it was mentioned only in one sentence of the

facts section of the petitioner's BIA brief, because the BIA's opinion indicated that it had reached the issue). Exhaustion is jurisdictional. *Barron v. Ashcroft,* 358 F.3d 674, 677–78, 678 (9th Cir.2004) ("Accordingly, we now join our sister circuits in squarely holding that § 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."); *Cortez–Acosta v. INS,* 234 F.3d 476, 480 (9th Cir.2000) ("We have described this as a jurisdictional defect."). As a result, I would not reach, or remand, Aleksanyan's CAT claim.

I respectfully dissent.